[Civ. No. 6239. Second Appellate District, Division Two.—October 1, 1929.]

B. L. COOK et al., Appellants, v. JOE CAPPELLINO et al., Respondents.

Garner White for Appellants.

Andreani & Haines and Dana R. Weller for Respondents.

CRAIG, J.—Various parties plaintiff in this proceeding, claiming to have furnished services and materials at the instance of the Economy Home Builders, a corporation, for the construction of buildings upon real property alleged to have been owned by several persons who had contemplated selling the realty to the corporation, filed mechanics' liens thereon, and thereafter instituted this action against the owners and the corporation, to establish a lien upon all of the property. In their complaint it was alleged that Forkner had performed services and furnished materials under employment of the Economy Home Builders as agent of

the owners, of the value of $3,479.05, of which $1854.75 had been paid, leaving a balance due in the sum of $1624.30; that Gregg furnished materials to the corporation as agent of the owners, of the value of $708.02, and that Cook had furnished materials of the value of $2,088.56. Twelve parcels, consisting of some twenty lots, described in detail, were alleged to have been required for the convenient use and occupation of the structures for which the plaintiff Forkner furnished services and materials; three lots, separately described, were alleged to have been required for the use and occupation of buildings for which Gregg furnished materials, and like allegations applying to thirteen lots, embraced in ten separate descriptions, were pleaded on behalf of the plaintiff Cook. The three plaintiffs prayed judgment for said sums, respectively, of $1624.30, $708.02 and $2,088.56, with costs, "that the sums be adjudged a lien upon the real property and buildings thereon," and that if there should be a deficiency, "that plaintiff have judgment for such deficiency against the defendant Economy Home Builders, a corporation."

At the trial the respective claimants proceeded to offer evidence in proof of the fact that the plaintiff Cook delivered materials upon ten different jobs, for which ten distinct liens were filed, and that the other plaintiffs had likewise furnished materials for the various lots described, upon each of which they had filed a separate lien. It appearing that the amount claimed under each lien had not been separately pleaded, but that they had all been combined by each of the plaintiffs, it was objected by the defendants that there was a variance between the pleadings and the proof. The trial court nevertheless heard all of the evidence, but found that said corporation acted in its own behalf and not as agent for the owners, that no action had been instituted within the time required to establish the liens, and rendered judgment in favor of Cook and Gregg, against the corporation only, denying relief as against the owners. The two last-named plaintiffs appealed, contending that it all constituted but one transaction.

We think the appellants' theory is untenable, and that the assertion of one inclusive demand as to each plaintiff against the corporation for judgment, and that "the sums be adjudged a lien upon the real property," furnishes

a complete answer to their argument. It is admitted that there may have been but one transaction between the plaintiffs and the corporation, but about thirty-five other defendants were named in the complaint as owning or having an interest in the properties upon which apparently more than twenty liens had been filed. It cannot for a moment be successfully contended that a lien for $708.02 in favor of Gregg, or a lien for $2,088.56 in favor of Cook, could under the circumstances be maintained against the property of one of the owners, embracing as it must improvements upon the properties of all, nor could one lien for either total amount be charged against all, as prayed, without a proportionate segregation. It is apparent that no specific lien was pleaded or sought to be established as against any particular land owner, and that no judgment could have been rendered for the declaration of liens which were not pleaded.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.